**BROCK & GONZALES, LLP**
9000 SUNSET BLVD., STE. 1260
LOS ANGELES, CA 90069
Tel: (310) 294-9595
Fax: (310) 961-3673
TIMOTHY J. GONZALES, STATE BAR NO. 234923
tg@brockgonzeles.com
D. AARON BROCK, STATE BAR NO. 241919
ab@brockgonzeles.com

**Attorneys for Plaintiff**
CARLEEN MCKINNEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLEEN MCKINNEY, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> WAL-MART STORES, INC., an Arkansas corporation; JOSEPH JONES, an individual; ROBERT BENSON, an individual; TISHA SNYDER, an individual; and DOES 1-50, inclusive, <br><br> Defendants. | Case No.: 5:16-cv-2174 SJO (KKx) <br> Assigned to: Hon. S. James Otero <br><br> **PLAINTIFF'S REPLY TO DEFENDANT WAL-MART STORES, INC.'S OPPOSITION TO MOTION FOR AN ORDER REMANDING THIS CIVIL ACTION TO STATE COURT** <br><br> Date: December 12, 2016 <br> Time: 10:00 AM <br> Place: 1st St. Courthouse, 10C |

1

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR REMAND**

## I.
## INTRODUCTION

In its Opposition to Plaintiff CARLEEN MCKINNEY'S Motion for an Order Remanding this Civil Action to State Court, Defendant WAL-MART STORES, INC. ("Wal-Mart") contends that Plaintiff "has not stated and cannot state a legal claim" for defamation against Defendants JOSEPH JONES, ROBERT BENSON and TISHA SNYDER (hereinafter "Individual Defendants") because of the "common interest" privilege. Wal-Mart, however, concedes that the "common interest" privilege is a qualified privilege that is defeated by a showing of "malice." Despite this concession, Wal-Mart's Opposition does show how it would be *impossible* for Plaintiff to overcome the common interest privilege, especially in light of Plaintiff's specific allegations of malice in her Complaint. Therefore, Wal-Mart has not and cannot meet its heavy burden of proving the Individual Defendants are sham defendants, and the matter should be remanded back to State Court for lack of diversity jurisdiction.

## II.
## THE DEFAMATORY STATEMENTS ARE NOT SUBJECT TO THE COMMON INTEREST PRIVILEGE

Wal-Mart does not disagree that Plaintiff alleged in her Complaint that the defamatory statements were made with malice, but contends that Plaintiff's allegations are "conclusory." The allegations, however, are not conclusory as Plaintiff alleged *why* the statements amount to malice. Specifically, Plaintiff alleged that the defamatory statements were not made for the benefit of Wal-Mart, but were instead made solely to benefit the Individual Defendants so that they could justify terminating Plaintiff's employment in an effort to illegally retaliate against Plaintiff for her complaints of their illegal activity. (*See* Complaint ¶ 76.) According to Kacludis v. GTE Sprint Communications Corp. - the case Wal-Mart's cites in its Opposition - such an allegation is sufficient to show malice.

(Kacludis v. GTE Sprint Communications Corp., (N.D. Cal. 1992) 806 F.Supp. 866, 872 ["If that privilege protects nothing else, it protects a manager's right to manage personnel (including firing and hiring) without fear of independent liability, absent concrete and specific allegations that such actions were *entirely* for the benefit of the individual;" See also Kelly v. General Tel. Co., supra, 136 CA3d at 285 [allegations that statements were published with intent to injure plaintiff, and that supervisor harbored ill will and hatred toward plaintiff because of union activities, sufficiently pleaded malice].)

### III.
### PLAINTIFF DID NOT JOIN THE INDIVIDUAL DEFENDANTS SOLELY TO AVOID FEDERAL COURT

Citing Calderon v. Lowe's Homes Ctrs., LLC, (C.D. Cal. June 24, 2015, No. 2:14-CV-01140-ODW-AGR, 2015 WL 3889289), Wal-Mart also argues that the Individual Defendants must have been fraudulently joined because under the doctrine of *respondeat superior*, an employer is vicariously liability for the torts committed by its employees within the scope of their employment. Wal-Mart, therefore hypothesis, there is no legitimate reason for why the Individual Defendants need to be in the case, except to defeat diversity jurisdiction.

First, the facts in Calderon are inapposite to the facts in this case. In that case, the plaintiff sought to join individual defendants after the case had been removed to Federal Court. In this case, Plaintiff did not join the Individual Defendants after she filed suit. The Individual Defendants were timely named in Plaintiff's initial State Court filing.

In addition, the Court in Calderon was not considering plaintiff's allegations under a "sham defendant" theory. Instead, the plaintiff in that case was seeking to join a defendant after the time to amend the complaint as a matter of course had long past. The Court was thus determining whether to use its discretion to permit joinder under 28 U.S.C. § 1447(e) and was working through the test for post

3
**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR REMAND**

removal joiner of a party as enumerated in Palestini v. General Dynamics Corp., (C.D. Cal. 2000), 193. F.R.D. 654.

Second, unlike the situation in Calderon, where the plaintiff wanted to assert a simple negligence claim against individual defendant employees, there is a need for the Individual Defendants to be in this case. Not only are they alleged to have committed an actionable tort, but Wal-Mart is not vicariously liable for the punitive damages assessed upon them individually. (*See* Cal. Civ. Code § 32949(b).) Therefore, Wal-Mart would not be vicariously liable for all the damages Plaintiff could recover from the harm they are alleged to have caused her by their defamatory statements.[1]

## IV.
## PLAINTIFF WOULD HAVE THE RIGHT TO AMEND HER COMPLAINT IF ANY DEFECT WERE TO EXIST

Finally, should this Court find any defect in Plaintiff's allegation against the Individual Defendants, Plaintiff is still well within her rights to amend her Complaint to allege additional facts or to clarify those facts already alleged.

///
///
///
///
///
///
///
///

---

[1] Plaintiff has not served the Individual Defendants because Plaintiff does not have their addresses. Typically, Plaintiff's counsel would immediately serve discovery on an employer who does not answer on behalf of their employees to discover the last known addresses of the employee defendants. Because this matter was immediately removed and then stayed, Plaintiff has been unable to the serve the discovery necessary to effectuate service.

4
**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR REMAND**

# V.

# **CONCLUSION**

Wal-Mart has not met its heavy burden of establishing that the Individual Defendants are sham defendants, nor has Wal-Mart overcome this Court's strong presumption against removal jurisdiction. Therefore, Plaintiff respectfully requests that this Court order that the instant action be remanded back to State court, and that the Clerk of the Court send a certified copy of the order to the clerk of the State court where the action was originally filed.

DATED:    November 28, 2016            BROCK & GONZALES, LLP


                                By:   /s/ D. Aaron Brock
                                      TIMOTHY J. GONZALES
                                      D. AARON BROCK
                                      Attorneys for Plaintiff