| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only |
|---|---|---|

**CASE NO.:** CV 16-02174 SJO (KKx)      **DATE:** December 21, 2016

**TITLE:** Carleen McKinney v. Wal-Mart Stores, Inc. et al.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz        Not Present
Courtroom Clerk        Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**      **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present        Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** [Docket No. 11]

This matter is before the Court on Plaintiff Carleen McKinney's ("McKinney" or "Plaintiff") Motion to Remand ("Motion"), filed on November 10, 2016. Defendant Wal-Mart Stores, Inc. ("Wal-Mart") opposed the Motion ("Opposition") on November 21, 2016. Plaintiff filed a Reply on November 28, 2016. The Court found the matter suitable for disposition without oral argument and vacated the hearing set for December 12, 2016. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Plaintiff's Motion.

I.     FACTUAL AND PROCEDURAL BACKGROUND

     A.     Procedural Background

Plaintiff initiated the instant action against Defendants in San Bernardino County Superior Court on September 8, 2016, asserting the following eleven causes of action: (1) discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (2) failure to accommodate in violation of FEHA; (3) retaliation in violation of FEHA; (4) failure to prevent harassment and discrimination in violation of FEHA; (5) violation of California Labor Code § 1102.5; (6) disability harassment in violation of FEHA; (7) defamation; (8) violation of California Family Rights Act ("CFRA"); (9) wrongful termination of employment in violation of public policy; (10) Declaratory Relief; and (11) Injunctive Relief. (*See* Notice of Removal ("Removal"), ECF No. 1; Decl. of Kara L. Jassy in Supp. of Def.'s Notice of Removal ("Jassy Decl."), Ex. A , Compl., ECF No. 1-2.). In her Complaint, Plaintiff seeks general and special damages, punitive damages, attorneys' fees and costs of suit, pre-judgment and post-judgment interest according to law, injunctive relief, declaratory relief, and other and further relief the Court may deem just and proper. (Compl. ¶¶ 1-8.) Plaintiff asserts all causes of action against Wal-Mart and the seventh claim for defamation against Defendants Joseph Jones ("Jones"), Robert Benson ("Benson"), and Tisha Snyder ("Snyder") (collectively, "Individual Defendants.") (*see generally* Compl.)

| | | |
|---|---|---|
| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only |

**CASE NO.:** CV 16-02174 SJO (KKx)  **DATE:** December 21, 2016

Defendant Wal-Mart filed its Answer on October 13, 2016. (*See* Jassy Decl., Ex. B, Answer, ECF No. 1-3.) On October 14, 2016, Wal-Mart removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332(a). (Removal ¶ 11.) On or about October 21, 2016, Plaintiff's counsel met and conferred with Defendant Wal-Mart's counsel regarding Plaintiff's intent to file a motion to remand. (Decl. of D. Aaron Brock in Supp. of Pl.'s Mot. to Remand ("Brock Decl.") ¶ 2, ECF No. 11-1.)

      B.      Factual Background

In her Complaint, Plaintiff alleges that she and the Individual Defendants are residents of California and Wal-Mart is an Arkansas corporation doing business in San Bernardino, California. (Compl. ¶¶ 1-5.) On or about November 23, 2003, Plaintiff was hired by Defendant Wal-Mart as a "Log Clerk in Defendant Wal-Mart's Safety Department." (Compl. ¶ 9-10.) After approximately four years of employment, Plaintiff was promoted to "Safety Clerk." (Compl. ¶ 10.) As a Safety Clerk, Plaintiff was to ensure Wal-Mart's commercial drivers were in compliance with United States Department of Transportation ("DOT") laws and regulations, which required all Wal-Mart drivers to complete a "yellow card" for every accident they were involved in. (Compl. ¶¶ 11,13.) Plaintiff then processed the yellow cards into Reporting Vehicle Accidents forms ("RVAs") and sent them to "Wal-Mart's corporate Accident Coordinator." (Compl. ¶ 13.)

Plaintiff alleges that on or about March 2, 2016, she discovered Defendants Joseph Jones and Robert Benson had not reported yellow cards for 35 accidents between 2015 and 2016. (Compl. ¶ 14.) Plaintiff immediately disclosed Jones and Benson's conduct to Tisha Snyder in Wal-Mart's Human Resources Department who in turn notified Jones and Benson and began an investigation. (Compl. ¶ 15.) Plaintiff alleges Jones and Benson immediately began retaliating against her, and issued Plaintiff her first "Step 1" written warning on March 17, 2016 for disrespecting Benson in front of a driver. (Compl. ¶ 16.) Plaintiff immediately complained to Snyder that she was being retaliated against and asked Snyder to interview the driver. (Compl. ¶ 17.) Plaintiff alleges on information and belief that Synder never interviewed the driver, but nevertheless, refused to remove the violation from Plaintiff's record. (Compl. ¶ 17.)

As a result, Plaintiff began experiencing severe stress and anxiety and took a leave of absence for approximately thirty days, pursuant to the California Family Rights Act ("CFRA"). (Compl. ¶ 18.) On or about May 9, 2016, Plaintiff initiated a retaliation complaint regarding her "Step 1" written warning to Wal-Mart's "Global Ethics" hotline and requested an investigation. (Compl. ¶ 21.) Within two hours after Plaintiff returned to work on or about May 13, 2016, Defendants Benson and Snyder issued Plaintiff a "Step 3" warning for failing to perform an audit that Plaintiff alleges began after she started her leave of absence. (Compl. ¶ 21.) Shortly thereafter, Plaintiff was given an "Action Plan" to follow, and Plaintiff, again, made a retaliation complaint to the "Global Ethics" hotline and requested an investigation. (Compl. ¶ 22.) On or about June 14, 2016, Defendant Snyder closed Plaintiff's Global Ethics hotline complaints on the basis that Plaintiff disrespected Benson and failed to perform the audit. (Compl. ¶ 23.) Approximately four months

| | | |
|---|---|---|
| | Priority | \_\_\_\_\_ |
| | Send | \_\_\_\_\_ |
| | Enter | \_\_\_\_\_ |
| | Closed | \_\_\_\_\_ |
| | JS-5/JS-6 | \_\_\_\_\_ |
| | Scan Only | \_\_\_\_\_ |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**CASE NO.:** CV 16-02174 SJO (KKx)    **DATE:** December 21, 2016

after Plaintiff's whistle blower complaint, Plaintiff was terminated on or about July 15, 2016 "after Defendants Jones and Benson falsely accused Plaintiff of not complying with her action plan." (Compl. ¶ 24.)

Plaintiff alleges Benson, Jones, and Snyder "caused excessive and unsolicited publications of defamation concerning Plaintiff to third persons[,]" including express and implied statements that Plaintiff "'disrespected' other employees, failed to complete an audit, did not adhere to her action plan, and committed 'misconduct with coachings.'" (Compl. ¶ 74.) Plaintiff further alleges, "The publications were made for the improper purpose of retaliating against Plaintiff. They were published and foreseeably republished to first cause, and then justify, Plaintiff's termination from Defendant Wal-Mart." (Compl. ¶ 76.)

Plaintiff now seeks to remand the case on the basis that the Individual Defendants "are not sham defendants, but rather, are the central wrongdoers who are alleged to have defamed Plaintiff in order to illegally retaliate against Plaintiff." (Pl.'s Mot. to Remand ("Mot.") 7, ECF No. 11.) In its Opposition, Wal-Mart argues that this Court holds jurisdiction over the present case since Jones, Benson, and Snyder are sham defendants whose California resident status may be ignored for purposes of establishing diversity jurisdiction. (Def.'s Opp'n to Pl.'s Mot. to Remand ("Opp'n") 2, ECF No. 13.) For the following reasons, Plaintiff's Motion to Remand is **GRANTED**.

II.     DISCUSSION

    A.     Legal Standard

A district court has removal jurisdiction pursuant to 28 U.S.C. § 1332 "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The Ninth Circuit "strictly contrue[s] the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* Given the "strong presumption" against removal jurisdiction, "the defendant always has the burden of establishing that removal is proper." *Id.* Although federal law requires complete diversity of citizenship, one exception to this requirement is where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* at 1067 (citing *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

A defendant cannot successfully prove fraudulent joinder by arguing either that a plaintiff will not prevail against the non-diverse defendant or that a plaintiff has not sufficiently alleged a claim

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

**CASE NO.:** CV 16-02174 SJO (KKx)  **DATE:** December 21, 2016

against that defendant. *See Munoz v. Lab Corp. of Am.*, No. CV-15-902-GW (DTBx), 2015 WL 4507104, at *1 (C.D. Cal. July 23, 2015). Instead, a defendant must provide "clear and convincing evidence" that a plaintiff cannot succeed against the non-diverse defendant. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "Even where presently deficiently pled, where Plaintiffs may amend that claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against [a non-diverse defendant]." *Munoz*, 2015 WL 4507104, at *1. "If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2002).

    B.    <u>Analysis</u>

        1.    <u>Plaintiff Has Properly Pled a Defamation Claim Against the Individual Defendants</u>

The Court first addresses whether Plaintiff's complaint sufficiently states a claim for defamation against the Individual Defendants. "The tort of defamation 'involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007). Statements are defamatory *per se*–and therefore eliminate the need to prove special damages–if they tend "directly to injure [Plaintiff] in respect to [her] office, profession, trade or business . . . by imputing to [her] general disqualification in those respects which the office or other occupation peculiarly requires . . . ." Cal. Civ. Code §§ 45a and 46. "Publication, which may be written or oral, is defined as a communication to some third person who understands both the defamatory meaning of the statement and its application to the person to whom reference is made. Publication need not be to the public or a large group; communication to a single individual is sufficient." *Ringler Associates Inc. v. Maryland Cas. Co.*, 80 Cal. App. 4th 1165, 1179 (2000) (citations omitted); *see also Kelly v. Gen. Tel. Co.*, 136 Cal. App. 3d 278, 284 (1982) ("publication may involve internal corporate statements"). "A defendant is liable for what is insinuated, as well as for what is stated explicitly." *Macleod v. Tribune Pub. Co.*, 52 Cal. 2d 536, 547 (1959).

Plaintiff argues that her Complaint supports a claim for defamation *per se* under *Gould v. Maryland Sound Industries, Inc.*, 31 Cal. App. 4th 1137, 1153-54 (1995). (Mot. 11.) The Court agrees. In *Gould,* the court found that the plaintiff-employee's allegation that her employer made false accusations that the plaintiff-employee made "a $100,000 mistake" in estimating a bid constituted defamation since the false statement "would tend to injure [plaintiff-employee] by imputing to him incompetence in his trade." *Id.* at 1154 (citing Cal. Civ. Code § 46; *Jensen v. Hewlett-Packard Co.*, 14 Cal. App. 4th 958, 965 (1993)).

Here, Plaintiff's complaint mirrors the plaintiff-employee's allegations in *Gould* since Plaintiff similarly alleges that the Individual Defendants' false statements imply that Plaintiff is incompetent

Case 5:16-cv-02174-SJO-KK Document 17 Filed 12/21/16 Page 5 of 9 Page ID #:156

| JS-6 | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA**<br><br>**CIVIL MINUTES - GENERAL** | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only | \_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_ |
|---|---|---|---|

**CASE NO.: CV 16-02174 SJO (KKx)**          **DATE: December 21, 2016**

in her trade. Plaintiff alleges that, on July 15, 2016, the Individual Defendants made false and defamatory statements of fact "that Plaintiff 'disrespected' other employees, failed to complete an audit, did not adhere to her action plan, and committed 'misconduct with coachings.'" (Compl. ¶¶ 74-5, 79-80.) Consequently, Plaintiff alleges, "[t]hese and other similar false statements expressly and impliedly stated that Plaintiff was incompetent in performing her job duties." (Compl. ¶¶ 74-5, 79-80.) Since Plaintiff expressly alleges the same legal theory as the employee-plaintiff in *Gould*, the Court finds that Plaintiff's Complaint states a claim for defamation.

      2.      <u>Plaintiff May Amend Her Complaint in State Court to Overcome Managerial Privilege</u>

The Court next addresses whether the statements made by the Individual Defendants are subject to managerial privilege. An employer holds a conditional privilege to communicate, without malice, with persons who have a "common interest" in the subject matter of the communication. Cal. Civ. Code § 47(c). The privilege applies "where the communicator and the recipient have a common interest and the communication is of a kind reasonably calculated to protect or further that interest." *Deaile v. Gen. Tel. Co. of Cal.*, 40 Cal. App. 3d 841, 846 (1974) (citation omitted). "Communication among a company's employees that is designed to insure honest and accurate records involves . . . a common interest." *Kelly v. General Tel. Co.*, 136 Cal. App. 3d 278, 285 (1982). "[B]ecause an employer and its employees have a common interest in protecting the workplace from abuse, an employer's statements to employees regarding the reasons for termination of another employee generally are privileged." *King v. United Parcel Serv., Inc.*, 152 Cal. App. 4th 426, 440 (2007).

Managerial privilege is a conditional defense. Cal. Civ. Code § 47(c) (defining privileged communications as those made without malice). "Under Civil Code section 47, subdivision (c), the defendant generally bears the initial burden of establishing that the statement in question was made on a privileged occasion, and thereafter the burden shifts to plaintiff to establish that the statement was made with malice." *Taus v. Loftus*, 40 Cal. 4th 683, 721 (2007). "The malice necessary to defeat a qualified privilege is 'actual malice' which is established by a showing that the publication was motivated by hatred or ill will towards the plaintiff **or** by a showing that the defendant lacked reasonable ground for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights . . . ." *Id.* (citing *Sanborn v. Chronicle Pub. Co.*, 18 Cal. 3d 406, 413 (1976) (internal quotations omitted) (emphasis in original).)

      a.      <u>Defendant's Prima Facie Showing of Privilege</u>

As a threshold matter, the Court must determine whether Defendant has established a prima facie showing that managerial privilege applies. *Taus*, 40 Cal. 4th at 721. Defendant cites *Deaile v. Gen. Tel. Co. of Cal.*, in which the court found that managerial privilege applied to statements made by the defendant-employer to the plaintiff-employee's former co-workers relating to the

Case 5:16-cv-02174-SJO-KK Document 17 Filed 12/21/16 Page 6 of 9 Page ID #:157

| JS-6 | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA**<br><br>**CIVIL MINUTES - GENERAL** | Priority ___<br>Send ___<br>Enter ___<br>Closed ___<br>JS-5/JS-6 ___<br>Scan Only ___ |
|---|---|---|

**CASE NO.:** CV 16-02174 SJO (KKx)　　　　　　　**DATE:** December 21, 2016

plaintiff-employee's forced retirement where the statements were published to explain the plaintiff-employee's fraudulent conduct in order to quell rumors relating to the termination and to set an example. *Deaile v. Gen. Tel. Co. of Cal.*, 40 Cal. App. 3d 841, 845-46 (1974). There, the court held managerial privilege applies only if it is reasonably calculated to advance or protect the interest of the communicator or the person to whom the communication is made on a matter of "common interest." *Deaile,* 40 Cal. App. 3d at 846. Here, Defendant argues that Plaintiff's allegations "show that the statements related to the reasons for her termination." (Opp'n 4.) Consequently, Defendant argues, "[d]iscussions or statements made in the context of the termination decision are privileged because they concerned Walmart's [sic] own economic interest in running its business and protecting its workplace from abuse." (Opp'n 4.) Therefore, Defendant concludes, "the common interest privilege applied to any such communications." (Opp'n 4.)

The Court finds that Plaintiff's failure to "specifically identify any of the persons to whom the Individual Defendants communicated any allegedly defamatory statements" frustrates Defendant's ability to articulate the "common interest" that is served by the publication of these allegedly defamatory statements. (Opp'n. 4.) Since the issue is moot as explained in subsection (b) below, the Court assumes *arguendo* that Defendant has satisfied its initial burden to establish managerial privilege.

　　　　　　b.　　Plaintiff's Showing of Malice

Plaintiff contends the false statements made by the Individual Defendants are not subject to managerial privilege since they were not made to advance or protect the interest of Wal-Mart. (Mot. 12.) Rather, accordingly to Plaintiff, the Individual Defendants' false statements were made "to illegally retaliate against Plaintiff." (Mot. 12.) In support of her argument, Plaintiff cites three allegations in her complaint. (Mot. 12-13.) Plaintiff first cites paragraph seventy-six (76) of her Complaint in support of her contention that the Individual Defendants' false statements were made to illegally retaliate against Plaintiff. The language from paragraph seventy-six (76) reads as follows:

> The publications were made for the improper purpose of retaliating against Plaintiff. They were published and foreseeably republished to first cause, and then justify, Plaintiff's termination from Defendant Wal-Mart.

(Mot. 12-13; Compl. ¶ 76.) Plaintiff also cites paragraph eighty-one (81) of her Complaint in support of her argument that she sufficiently pled that the Individual Defendants' statements were made with malice and motivated by hatred and ill will. In support of her contention, Plaintiff cites the following language from paragraph eighty-one (81) of her Complaint:

> Each of these false defamatory per se publications . . . were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged

Case 5:16-cv-02174-SJO-KK Document 17 Filed 12/21/16 Page 7 of 9 Page ID #:158

JS-6                      **UNITED STATES DISTRICT COURT**          Priority    _____
                           **CENTRAL DISTRICT OF CALIFORNIA**        Send       _____
                                                                     Enter      _____
                              **CIVIL MINUTES - GENERAL**            Closed     _____
                                                                     JS-5/JS-6  _____
                                                                     Scan Only  _____

**CASE NO.:** CV 16-02174 SJO (KKx)           **DATE:** December 21, 2016

> conditional privilege (which Plaintiff denies existed), since the publications, and each of them, were made with hatred, ill will, and an intent to retaliate, vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of Defendants, and each of them, to cause further damage to Plaintiff's professional and personal reputation, to cause Plaintiff's termination from Defendant Wal-Mart.

(Mot. 13; Compl. ¶ 81.) Finally, Plaintiff cites paragraph eighty-two (82) in support of her contention as to why the statements amount to malice. Paragraph eighty-two (82) reads as follows:

> Each of these publications by Defendants, and each of them, were made with knowledge that no investigation supported the unsubstantiated and obviously false statements. The Defendants published these statements knowing them to be false, unsubstantiated by any reasonable investigation and the product of hostile witnesses. These acts of publication were known by Defendants, and each of them, to be negligent to such a degree as to be reckless. In fact, not only did Defendants, and each of them, have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and in fact knew the statements to be false. Defendants, and each of them, excessively, negligently, and recklessly published these statements to individuals with no need to know, and who made no inquiry, and who had a mere general or idle curiosity of this information.

(Mot. 13; Compl. ¶ 82.) The Court agrees with Defendant's contention that these three citations to Plaintiff's Complaint provide conclusory allegations as to malice. (Opp'n 4.). Plaintiff must plead "specific facts" in order to overcome the presumption of managerial privilege. *Kacludis v. GTE Spring Commc'ns. Corp.*, 806 F.Supp. 866, 872 (N.D. Cal. 1992) ("Mere allegations that the statements were made 'with malice' or 'with no reason to believe the statements were true' are insufficient to rebut the presumption of privilege."); *see also Robomatic, Inc. v. Vetco Offshore*, 225 Cal. App. 3d 270, 276 (1990) ("A general allegation of malice will not suffice; plaintiff must allege detailed facts showing defendant's ill will towards him.").

In her Reply, Plaintiff argues that paragraph seventy-six (76) does in fact plead specific facts that allege malice on behalf of the Individual Defendants. (Reply In Supp. of Pl.'s Mot. to Remand ("Reply") 2-3, ECF No. 14.) However, the Court finds that paragraph seventy-six (76) provides Plaintiff's factual theory as to malice in general terms without providing any "specific facts." *Kacludis*, 806 F.Supp. at 872. In order to overcome the presumption that managerial privilege applies, Plaintiff must plead that the Individual Defendants' defamatory statements were "motivated by hatred or ill will towards the plaintiff **or** by a showing that the defendant lacked reasonable ground for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights . . . ." *Taus*, 40 Cal. 4th at 721 (citing *Sanborn v. Chronicle Pub. Co.*, 18 Cal. 3d 406, 413 (1976)) (internal quotations omitted) (emphasis in original).

Case 5:16-cv-02174-SJO-KK Document 17 Filed 12/21/16 Page 8 of 9 Page ID #:159

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

**CASE NO.:** CV 16-02174 SJO (KKx)          **DATE:** December 21, 2016

As presently pled, Plaintiff fails to connect specific facts that the Individual Defendant's defamatory statements were either motivated by hatred or ill will or by showing the Individual Defendants lacked a reasonable ground for belief in the truth of their statements and therefore acted in reckless disregard of her rights. However, Plaintiff's general factual theory set out in paragraph seventy-six (76) of her Complaint provides a non-fanciful possibility that Plaintiff can plead sufficient facts as to malice under California law against the Individual Defendants. *See Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp.2d 1116, 1117 (N.D. Cal. 2002). Therefore, Plaintiff's failure to plead "specific facts" is not dispositive as to managerial privilege since the failure to state a cause of action against the Individual Defendants is not "obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Munoz v. Lab Corp. of Am.*, No. CV-15-902-GW (DTBx), 2015 WL 4507104, at *1 (C.D. Cal. July 23, 2015) ("Even where presently deficiently pled, where [p]laintiff may amend [her] claim to cure any arguable defects, it may not be said that it is impossible for [her] to state a claim against [a non-diverse defendant].")

        c.    <u>The Doctrine of *Respondeat Superior* Does Not Establish That The Individual Defendants Are Sham Defendants</u>

Finally, the Court addresses Defendant's argument that Plaintiff's joinder of the Individual Defendants in the present case is fraudulent since Plaintiff may recover complete relief from Defendant Wal-Mart under the doctrine of *respondeat superior*. (Opp'n 2.) "Under the doctrine of respondeat superior, an employer is vicariously liable for his employee's torts committed within the scope of the employment." *Perez v. Van Groningen & Sons, Inc.*, 41 Cal. 3d 962, 967 (1986). Defendant notes that Plaintiff has named Wal-Mart in each of her causes of action–including her seventh cause of action for defamation. (Opp'n 2.) Terefore, Defendant concludes, "there was no reason for Plaintiff to join the Individual Defendants other than to avoid diversity jurisdiction." (Opp'n. 2) (citing *Calderon v. Lowe's Home Ctrs., LLC*, No. 14-CV-01140-ODW (AGRx), 2015 WL 3889289, at *4 (C.D. Cal. June 24, 2015) ("[G]iven the relative financial positions of most companies versus their employees, the only time an employee is going to be sued is when it serves a tactical legal purpose, like defeating diversity.") The Court finds Defendant's argument unpersuasive given Plaintiff's potential inability to recover punitive damages from Defendant Wal-Mart under California Civil Code Section 3294. (Reply 4.) Under Section 3294, an employer may not be held liable for punitive damages based on acts of its employee unless the employer "had advanced knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights of safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294. Whether Plaintiff may recover punitive damages at all remains to be decided in state court. Therefore, Plaintiff may in fact be unable to obtain complete relief without bringing her cause of action for defamation against the Individual Defendants.

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

**CASE NO.:** CV 16-02174 SJO (KKx)    **DATE:** December 21, 2016

In sum, the Individual Defendants cannot be characterized as sham defendants. The defamation claim against them is not barred by the managerial privilege, and Plaintiff has presented a non-fanciful possibility of demonstrating that the Individual Defendants' actions amount to malice. Accordingly, the Individual Defendants' presence in the action destroys complete diversity, requiring remand.

III. <u>RULING</u>

For the foregoing reasons, the Court **GRANTS** Plaintiff Carleen McKinney's Motion to Remand and **REMANDS** this action to the Superior Court of the State of California, County of San Bernardino. This case shall close.

IT IS SO ORDERED.